# IN THE COURT OF APPEALS OF IOWA

No. 19-0157
Filed April 15, 2020

**WILLIE JAMES WILDER,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, Andrea J. Dryer,

Judge.

Willie J. Wilder appeals the denial of his second application for

postconviction relief. We affirm the district court's ruling dismissing his claim as

time-barred. **AFFIRMED.**

Jeremy L. Merrill of Lubinus Law Firm, PLLC, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney

General, for appellee State.

Considered by Vaitheswaran, P.J., and Doyle and May, JJ.

**DOYLE, Judge.**

Willie J. Wilder appeals the denial of his second postconviction-relief (PCR) application. Even though his second PCR application was filed more than three years after procedendo issued from his first PCR action, Wilder argues the district court erred in dismissing his application as time-barred. We disagree and affirm the district court's ruling.[1]

### I. Background Facts and Proceedings.

The events prompting this case begin in 2010 when a jury found Wilder guilty of first-degree robbery and third-degree theft. The two convictions were merged, and he was sentenced to prison. *Wilder v. State*, No. 13-1586, 2014 WL 5862031, at *2 (Iowa Ct. App. Nov. 13, 2014) (*Wilder II*). Wilder challenged his conviction on several grounds including insufficiency of evidence. In 2012, this court affirmed his conviction. *State v. Wilder*, No. 11-0067, 2012 WL 170690, at *4 (Iowa Ct. App. Jan. 12, 2012) (*Wilder I*).

Wilder timely filed his first PCR application claiming, among other things, that his trial attorney was ineffective. *Wilder II*, 2014 WL 5862031, at *2. The district court denied the application, and Wilder once again appealed. *Id.* While his appeal was pending, after briefing and transfer to this court, Wilder's PCR appellate attorney withdrew, and a substitute was appointed. This court affirmed

---

[1] Because we hold *Allison v. State*, 914 N.W.2d 866, 891 (Iowa 2018), did not save Polk's second PCR petition, we need not address whether recent legislation, apparently abrogating *Allison*, applies to this appeal. *See* S.F. 589, 88th Gen. Assemb. § 34 (Iowa 2019) ("An allegation of ineffective assistance of counsel in a prior case under this chapter shall not toll or extend the limitations period in this section nor shall such claim relate back to a prior filing to avoid application of the limitation periods.") (codified as amended at Iowa Code § 822.3 (2019)).

finding that Wilder's "defense counsel acted reasonably" in presenting an alibi defense strategy and that Wilder showed no prejudice in his counsel's failure to challenge a witness's testimony. *Id.* at * 3-4. Substitute PCR appellate counsel did not apply for further review, and procedendo issued on January 2, 2015. In a January 18, 2015 letter to Wilder, his substitute PCR appellate counsel wrote

> I have had an opportunity to sort out where the confusion arose regarding my appointment to your case and my understanding of my appointment, and the error was clearly mine. As a result, the timeline to file for further review to the Iowa Supreme Court has long since passed, and you are foreclosed from now seeking its review of the Appellate Court. This was totally my fault, and for that I apologize, and you may seek whatever recourse from that at your disposal. And I do not state that cavalierly.

Wilder then waited almost three-and-a-half years before filing a second PCR application. He claimed that first PCR counsel was ineffective and failed to "sufficiently highlight and or question trial counsel as to the deceit involved in properly counseling client as to ramification of proceeding to trial v. plea offer." The State moved to dismiss arguing that the PCR application was time-barred under Iowa Code sections 822.3 and 822.8 (2018). Wilder resisted arguing that the PCR application should be considered timely under the Iowa Supreme Court's holding in *Allison v. State*, 914 N.W.2d 866, 890 (Iowa 2018), and that his previous substitute PCR appellate attorney's failure to explain applicable timelines to remedy his mistake prevented Wilder from timely pursuing any recourse.

Later, Wilder filed his first amended PCR application where he added a claim of ineffective assistance of appellate counsel stating that the ineffectiveness stemmed from substitute PCR appellate counsel's failure to apply for further review. Then Wilder filed a second amendment adding a claim of prosecutorial

misconduct in the original criminal proceedings. The district court dismissed Wilder's application as untimely. Wilder appeals.

## II. Scope and Standard of Review.

We review a grant of a motion to dismiss a PCR application for correction of errors at law. *Allison*, 914 N.W.2d at 870. But when a PCR applicant claims ineffective assistance of PCR counsel, our review is de novo. *Id.*

## III. Analysis.

Iowa Code Section 822.3 requires that PCR

> applications must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued. However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period.

Wilder argues a relation-back doctrine provides him relief from the section 822.3 statute of limitations. *Allison* holds that

> where a PCR petition alleging ineffective assistance of trial counsel has been timely filed per section 822.3 and there is a successive PCR petition alleging postconviction counsel was ineffective in presenting the ineffective-assistance-of-trial-counsel claim, the timing of the filing of the second PCR petition relates back to the timing of the filing of the original PCR petition for purposes of Iowa Code section 822.3 if the successive PCR petition is filed promptly after the conclusion of the first PCR action.

914 N.W.2d at 891. So, for the timing of the filing of a second PCR application to relate back to the timing of the filing of the first under section 822.3, three prongs must be met. There must be: (1) a timely filed PCR application alleging ineffective assistance of trial counsel, (2) a successive PCR application alleging that PCR counsel was ineffective in presenting the ineffective-assistance-of-trial-counsel

claim in the first PCR action, and (3) prompt filing of the successive PCR application following the conclusion of the first PCR action.

Wilder's case satisfies the first prong. In his first timely filed PCR action he alleged his trial counsel was ineffective. He satisfies the second prong. He alleges his PCR appellate counsel was ineffective in presenting the ineffective-assistance-of-trial-counsel claim. So we examine the third prong—promptness in filing the successive PCR application.

Under the third prong of the *Allison* test, for the timing of the filing of the successive PCR application to relate to the timing of the filing of the first PCR action, the successive PCR application must be "promptly"[2] filed after the conclusion of the first. *Id.* Wilder's first PCR action concluded when procedendo issued on January 2, 2015. By the January 18, 2015 letter, Wilder was informed by his substitute appellate PCR lawyer that he blew the time to petition for review. Wilder did nothing for over three years. He waited until May 3, 2018 to file his second PCR application—almost three-and-a-half years after procedendo issued after his first PCR and more than three years after learning his substitute appellate PCR counsel had not petitioned for further review. In challenging this filing, the State moved to dismiss asserting the application was untimely. Wilder resisted arguing that the *Allison* relation-back doctrine should apply and that any late filing should be excused because his substitute appellate attorney failed to explain the applicable timelines adequately to remedy his mistake of not applying for further review. We, like the district court, find both arguments unpersuasive.

---

[2] "Promptly" is not defined.

Because Wilder waited more than three years to file his second PCR action after conclusion of his first PCR action, he did not meet the "prompt" filing mandate in *Allison*. *See Fountain v. State*, No. 17-2024, 2019 WL 5424928, at *3 n.9 (Iowa Ct. App. Oct. 23, 2019) (waiting nearly two years to file not considered prompt); *Polk v. State*, No. 18-0309, 2019 WL 3945964, at *1 (Iowa Ct. App. Aug. 21, 2019) (waiting nearly six months did not meet "prompt" filing mandate); *Cook v. State*, No. 17-1245, 2019 WL 719163, at *4 (Iowa Ct. App. Feb. 20, 2019) (application filed more than forty-six months after the conclusion of first PCR action and more than twenty-nine months after the conclusion of second PCR action not prompt); *Kelly v. State*, No. 17-0382, 2018 WL 3650287, at *3-4 (Iowa Ct. App. Aug. 1, 2018) ("[W]e cannot say Kelly's applications have been 'promptly' filed, with his second PCR application being filed more than fifteen months after our court affirmed the denial of his first application and his third application being filed more than one year after procedendo issued on his appeal of his second PCR action."). And Wilder's attempt to justify the late filing because his substitute appellate counsel failed to make him aware of a timeline to remedy the mistake is unavailing, particularly when he was immediately made aware that the counsel was admitting ineffectiveness.

## IV. Conclusion.

We conclude that Wilder's second PCR application does not qualify for the *Allison* relation-back doctrine because it was not promptly filed after conclusion of his first PCR action and is therefore time barred. The district court correctly dismissed the application.

**AFFIRMED.**